*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

**MEMORANDUM OPINION**

No. 04-08-00256-CR

**EX PARTE** Gilbert Leos **ARENAS**

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 05-2113-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    December 3, 2008

AFFIRMED

Gilbert Leos Arenas appeals the trial court's order denying relief in a habeas corpus proceeding. In his application for a writ of habeas corpus, Arenas sought to set aside the order placing him on deferred adjudication, arguing his plea was involuntary due to the ineffective assistance of his counsel and the trial court's failure to properly admonish him and that the order is void because it was "outside the scope of authorized punishment." We affirm the trial court's denial of relief.

## Background

Arenas was originally charged with one count of aggravated sexual assault and two counts of indecency with a child by sexual contact. The trial court appointed Jesus Lopez to represent Arenas. Arenas entered into a plea agreement that required him to plead guilty to injury to a child in exchange for the State recommending deferred adjudication and dismissing the other charges. The plea agreement contained a provision that Arenas would not be required to register as a sex offender. The trial court ordered a presentence investigation and set a sentencing for September 8, 2006.

At the sentencing hearing, the trial court announced to the attorneys that he would not approve the plea agreement, stating, "I'm willing to accept the probation and I'm willing to put him on probation; however, it's going to need to be indecency by contact and he'll need to register [as a sex offender]." After a break in the proceedings, Arenas withdrew his plea to the injury to a child charge and entered a plea of guilty to two counts of indecency with a child. The written plea agreement Arenas signed recites the agreement as "7 years deferred adjudication probation[,] $2000 fine[,] up to 60 days confinement in county jail[,] sex offender evaluation and treatment[,] sex offender registration." The trial court accepted the plea, announced he would follow the plea agreement, deferred adjudication, and placed Arenas on community supervision. Arenas signed the conditions of community supervision the same day. Condition 35 required Arenas to register with "designated law enforcement authorities" "per TCCP Chapter 62, Art. 62.01/62.12."[1]

In December 2007, while a motion to adjudicate Arenas's guilt was pending, Arenas filed an application for a writ of habeas corpus, contesting the validity of the order deferring adjudication and placing him on community supervision. The trial court granted the writ and set the matter for

---

[1] The reference is apparently to Chapter 62 of the Texas Code of Criminal Procedure, which is entitled "Sex Offender Registration Program." *See* TEX. CODE CRIM. PROC. ANN. art. 62.001-.408 (Vernon 2006 & Vernon Supp. 2008).

hearing. At the hearing, Arenas testified by affidavit that when he entered his plea he was unaware he would be required to register as a sex offender and, had he known, he would have not entered a plea of guilty. Arenas stated he was not present when the trial judge stated he would not accept the first plea agreement, but would accept a probation recommendation to the indecency charge that required Arenas to register as a sex offender. Arenas testified his attorney did not review the plea papers for the indecency charges with him and never told him sex offender registration was mandatory for those charges. Arenas acknowledged he signed the last page of the "new paperwork," but stated he assumed the paperwork was the same as had been explained during the injury to a child plea proceedings, except for the different offense. He admitted he was made aware of the registration requirement when the probation officer explained the conditions of his probation.

Arenas also testified that sex offender registration was not mentioned during the plea hearing. To bolster his argument, Arenas introduced a transcript of the plea hearing. The prosecutor informed the trial court the plea agreement was for "[s]even years deferred adjudication probation, a $2,000 fine, up to 60 days confinement in the County Jail, sex offender evaluation and treatment, and sex offender evaluation." When asked, Arenas told the judge the plea agreement was stated correctly. There is no express mention of sex offender registration on the record at the hearing, but the judge warned Arenas he regarded "sex offender probation as a no-tolerance probation." During the plea hearing the trial court asked Arenas whether his signature appeared at the end of the "Waiver, Stipulations and Admonishments for Plea of Guilty or No Contest." Arenas responded that it did and stated his lawyer reviewed the document with him before he signed it. Arenas also affirmatively told the court that not only had his lawyer read the document to him, but Arenas had read it himself. One paragraph of the document, in a section entitled "Sex Offender Registration," states:

The Defendant is hereby admonished that if he is pleading guilty or nolo contendere to an offense listed in Chapter 62, Code of Criminal Procedure, the defendant, if sentenced to deferred adjudication . . . will be required to meet the registration requirements of Chapter 62, Code of Criminal Procedure. The Defendant hereby represent [sic] that, if applicable, he has been advised by his attorney regarding said registration requirements and understands same.

The State introduced into evidence at the habeas hearing the affidavit of Arenas's former attorney, Jesus Lopez. Lopez testified he met with Arenas after the trial court rejected the initial plea agreement and the second plea offer was made. He testified he explained to Arenas that "the big difference between this plea offer and the previous offer was that it required sex offender registration." Lopez stated he "emphasized" sex offender registration was a requirement and Arenas "was fully informed about the sex offender registration requirement." Lopez stated that after discussing all the options, Arenas said he would accept the plea bargain "even though it required sex offender registration." Lastly, Lopez stated he reviewed the conditions of probation with Arenas before the entry of his plea and Arenas indicated he understood the requirements of probation.

At the conclusion of the habeas hearing, the trial court denied relief. The court later signed findings of fact and conclusions of law, including the following:

Applicant's trial counsel, Jesus Lopez, provided competent and effective counsel to the Applicant in that he, in particular, properly advised and admonished Applicant regarding sex offender registration requirements.

The Court is familiar with Mr. Lopez and regards him as truthful and creditable [sic].

Applicant signed the "Plea Agreement" paperwork which indicated "sex offender registration" beside the line that Applicant signed.

Applicant signed the "Waivers, Stipulations and Admonishment for Plea of Guilty or No Contest" that contained three paragraphs under a bold headline explaining the requirements of sex offender registration and the failure to comply with that requirement.

Applicant stated to the Court that he reviewed said paperwork with his attorney and that he himself had read it before he signed it.

Applicant stated to the Court that he understood all of the paperwork.

Applicant was fully informed of sex offender registration requirements and the consequences of the failure to comply with said requirements.

Applicant's plea of guilty was voluntarily and intelligently made to the Court after having been properly admonished both by Applicant's counsel and by the Court.

Applicant understood the plea papers he signed after Applicant's trial counsel thoroughly reviewed them with Applicant.

[T]he testimony of applicant was not creditable [sic].

Arenas timely appealed the trial court's order denying relief.

## STANDARD OF REVIEW

We review the trial court's ruling on a habeas corpus claim for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review the record in the light most favorable to the trial court's ruling and give almost total deference to the trial court's factual findings that are supported by the record, even when the evidence is submitted in written affidavits. *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We review the trial court's legal rulings *de novo* unless the trial court's supported fact findings are dispositive of the legal issues. *Kelly*, 204 S.W.3d at 818.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Arenas contends his trial counsel rendered ineffective assistance by failing to inform Arenas that sex offender registration was a requirement of his plea. Arenas argues the plea was therefore involuntary.

To prevail on this ground, Arenas was required to prove by a preponderance of the evidence that his counsel's performance was deficient — that it fell below the standard of professional norms. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex.

Crim. App. 2007). Arenas was also required to show he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687; *Garza*, 213 S.W.3d at 347.

The trial court found Arenas's testimony that counsel did not tell him he would be required to register as a sex offender was not credible. Instead, the trial court credited the testimony of Arenas's attorney, Jesus Lopez, finding he fully explained to Arenas that sex offender registration was part of the plea offer. The trial court's finding that Lopez advised Arenas regarding the registration requirements is supported by the record. Accordingly, Arenas did not meet his burden to show deficient performance and the trial court did not abuse its discretion in denying habeas relief on this claim.

### COURT ADMONISHMENTS

Arenas next contends his plea was involuntary because the trial court failed to admonish him of the sex offender registration requirement before accepting his plea.

Before accepting a plea of guilty or nolo contendere to an offense subject to the sex offender registration requirements of Chapter 62 of the Texas Code of Criminal Procedure, the trial court must "substantially comply" with a requirement to admonish the defendant that he will be required to meet the Chapter 62 registration requirements. TEX. CODE CRIM. PROC. ANN. art. 26.13 (a)(5), (h) (Vernon Supp. 2008). The court may make the admonition in writing if it "receive[s] a statement signed by the defendant and the defendant's attorney that [the defendant] understands the admonishments and is aware of the consequences of his plea." *Id.* art. 26.13(d).

The record contains written admonishments that include information about the registration requirements of Chapter 62. The "admonishments" contain the statement: "I GILBERT LEOS ARENAS, Defendant, do hereby acknowledge that prior to entering my plea of guilty or nolo contendere, I have read and I understand the above admonishments and that I am aware of the

consequences of my plea." Arenas's and his attorney's signatures immediately follow the quoted statement. During the plea hearing, Arenas told the trial court he had read the document and understood it. The trial court's finding that Arenas was properly admonished by the court is thus supported by the record, and the trial court did not abuse its discretion in finding Arenas's plea was voluntarily and intelligently made.

## VOID ORDER

Arenas next argues the order placing him on deferred adjudication is void because one of its provisions was "outside the scope of authorized punishment." Arenas claims the order purports to exempt him from sex offender registration and, because the trial court had no authority to do so, the order is void. We disagree.

Arenas pled guilty to indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a) (Vernon 2003). Except under circumstances not applicable here, the trial court is authorized to defer adjudication and place a defendant on community supervision for this offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 sec. 5 (Vernon Supp. 2008). The court is authorized to impose a fine and any reasonable condition of community supervision allowed for a person placed on community supervision after conviction. *Id.* A defendant placed on deferred adjudication for indecency with a child by contact is required to comply with the registration requirements of Chapter 62. *See id.* § 62.001(5)(A) (Vernon Supp. 2008); § 62.051 (Vernon 2006).

At the plea hearing, the trial court accepted Arenas's guilty plea and announced it would follow the plea agreement, which contained a sex offender registration requirement. The court ordered Arenas placed on deferred adjudication community supervision for seven years, fined him $2,000, and advised him he would be subject to the terms and conditions of probation, which Arenas stated he had already reviewed with his lawyer.

-7-

The written Order of Deferred Adjudication first contains recitals regarding the case and then states the trial court's findings and orders. Forty-six terms and conditions of community supervision are referred to in the orders and attached to the order, including condition 35, which requires Arenas to register as a sex offender. Arenas's complaint arises from one of the recitals, which states, "Sex Offender Registration Requirements does not apply to the Defendant." Arenas contends the entire order is void because the trial court was without authority to exempt Arenas from the registration requirement. Contrary to Arenas's assertion, the court's order did not relieve Arenas of the obligation to register as a sex offender. The erroneous recital comes before the trial court's findings and orders and is not referred to in the court's findings and orders.[2] The orders clearly impose a requirement that Arenas register as a sex offender. Because the trial court's order did not relieve Arenas of his obligation to register as a sex offender, we overrule Arenas's complaint and hold the trial court did not abuse its discretion in denying habeas relief on this ground.

The trial court's order is affirmed.

Steven C. Hilbig, Justice

Do not publish

---

[2] The language was an apparent attempt to comply with article 42.01 Sec. 1 [27] of the Code of Criminal Procedure, which requires a judgment in cases involving Chapter 62 to contain the age of the victim and a statement that sex offender registration applies to the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1[27] (Vernon 2006). Because the Order of Deferred Adjudication is not a judgment, *see id.* art. 42.01 § 1, such statement is not required and we treat it as surplusage.